UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANN RICE-MCKENZIE,
    Plaintiff,

v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

No. 3:16-cv-1448 (SRU)

# RULING ON MOTION TO DISMISS

In April 2012, Joann Rice-McKenzie filed an application for benefits under Title II and Title XVI of the Social Security Act. The following facts are undisputed. Rice-McKenzie's claims were initially denied on October 10, 2012, and were subsequently denied on reconsideration on April 12, 2013. Upon Rice-McKenzie's request, an administrative law judge ("ALJ") issued a decision on June 27, 2014, which found that Rice-McKenzie was not disabled. The ALJ decision was mailed to Rice-McKenzie and the accompanying notice informed her of her right to file an appeal with the Appeals Council ("Council") within sixty (60) days of receipt of the notice. Mot. Dismiss, Ex. A at 1 (doc. # 19-2). The notice also stated that, absent proof otherwise, the Council would assume that the claimant received the notice five (5) days after the date of the notice. *Id.* Finally, the notice stated that the Council would dismiss late requests for review unless the claimant showed that she had a good reason for not filing it on time. *Id.*

On September 4, 2014, Rice-McKenzie filed a request to the Council seeking review of the ALJ's decision. In the filing, counsel for Rice-McKenzie acknowledged the untimeliness of the request and asked the Council to excuse the lateness because counsel was waiting on additional medical records and had lost track of time. Upon reviewing Rice-McKenzie's

submission, on June 21, 2016, the Council found that there was no good cause to extend the time for filing an appeal and accordingly dismissed the request for review. Rice-McKenzie then filed an action in this court on August 24, 2016.

In the instant complaint, Rice-McKenzie does not allege that the Council committed any substantive or procedural error in rejecting her request for review as untimely. Rather, Rice-McKenzie advances an argument that was not advanced at the administrative level. She argues that, upon further review of her counsel's files, it appears that the ALJ decision was not received by her counsel until July 7, 2014. If true, Rice-McKenzie's September 4, 2014 request for review to the Council would be considered timely. She argues that the decision of this court to dismiss her request for review without examining the merits of the case would result in a gross injustice.

**I.     Discussion**

Section 405(g) of the Social Security Act "has been interpreted to require that, generally speaking, administrative procedures must be exhausted before judicial review is available." *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). The procedures that a plaintiff must exhaust include "an initial determination, a reconsideration of that determination, a hearing decision by an ALJ, and an Appeals Council review." *Gonzalez ex rel. Guzman v. Sec'y of the Dep't of Health & Human Servs.,* 360 F. App'x 240, 245 (2d Cir. 2010) (citing 20 C.F.R. § 416, subpt. N); *see also Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011). A federal court may excuse a claimant's failure to exhaust administrative remedies if "(1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would be futile; and (3) plaintiff would suffer irreparable harm if required to exhaust administrative remedies." *Faucette*

*v. Colvin*, 2016 WL 866350, at *4 (S.D.N.Y. Mar. 3, 2016) (citing *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)).

Though there are exceptions to the administrative exhaustion requirement, the failure to timely file a request for review is not one of them. *Dietsch*, 700 F.2d at 867. In *Dietsch*, the Second Circuit considered an action seeking district court review of the Council's decision to dismiss an untimely request for review. *Id.* The Court held that "[t]he Appeals Council may dismiss an untimely request for review, 20 C.F.R. § 404.971, and such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)." *Id.*; *see also Brandtner v. Dep't of Health & Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998) ("Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no 'final decision' for us to review."). The rationale is that the "proper exhaustion of administrative remedies, and not exhaustion accomplished only through procedural default, is an element of a reviewable 'final decision.'" *Jones v. Heckler*, 613 F. Supp. 72, 75 (N.D. Ill. 1985).

Absent a constitutional claim, the only avenue for seeking review of the Council's decision based on procedural default is through the district court's power to issue a writ of mandamus under 28 U.S.C. § 1361. *See Dietsch*, 700 F.2d at 868. Section 1361 is an extraordinary remedy that gives a district court jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits. *See id.* Mandamus is only proper if the claimant can show that the Council abdicated its duty by improperly dismissing the claimant's timely request as untimely. *See id.*

It is within the Council's discretion to decide whether a claimant has shown the requisite good cause for requesting an extension of the administrative deadlines. *Rivera v. Apfel*, 2001

3

WL 699065, at *3 (S.D.N.Y. June 21, 2001). Unless the claimant can point to a specific duty that the Council failed to perform, the district court may not use its mandamus powers to force the Council to reconsider its decision. *Compare id.* (mandamus improper because Council had no duty to provide plaintiff with hearing on request to extend filing deadline), *with Dietsch*, 700 F.2d at 868 (mandamus proper because Council failed to perform duty to accept timely request for review).

In the instant case, Rice-McKenzie brought an action in this court after the Council rejected her request for review of the ALJ decision as untimely. Neither the ALJ's decision nor the Council's rejection of her untimely request for review constitutes a "final decision" under section 405(g). *See Perry v. Astrue*, 2010 WL 122443, at *2–3 (D. Conn. Jan. 7, 2010). Accordingly, I lack jurisdiction to review either decision.

Rice-McKenzie argues that subsequent information, not raised before the Council, indicates that her request for review was, in fact, timely. In support of that argument, Rice-McKenzie provides the court with a copy of a cover sheet that accompanied the ALJ's decision. Pl.'s Opp'n, Ex. A. The cover sheet is marked in pen with the notation "rec'd 7-7-14." Counsel for Rice-McKenzie attests that the date on the envelope reflects the actual date that he received the notice of the ALJ's decision. *Id.*, Ex. B at ¶ 2. If he is correct, Rice-McKenzie's request for review on September 4, 2014, was timely.

I am not able to consider the merits of that contention because I have no jurisdiction to review the decision of the Council absent a claim that it failed to perform a particular duty. Rice-McKenzie did not raise the arguments before the Council that she has raised before me. Rather, Rice-McKenzie admitted to the Council that her request for review was untimely and she

attempted to show good cause for the delay. The Council heard her request and rejected it for failure to show good cause. There is no allegation that the Council failed to perform a duty.

Even if Rice-McKenzie had raised the argument that she received the ALJ's decision on July 7, 2014, and thus her request for review was timely, that would be for the Council to decide. The regulations provide that there is a rebuttable presumption that the claimant receives notice of the ALJ's decision five (5) days after the notice is mailed. *See Robbins v. Colvin*, 142 F. Supp. 3d 205, 207 (D. Mass. 2015) (citing 20 C.F.R. §§ 404.901, 416.1401). That date would be July 2, 2014. It would be up to the Council to decide whether counsel's handwritten note indicating that the notice was received on July 7, 2014, constitutes adequate proof that it was actually received on that date.[1] Either way, I am without jurisdiction to review the Council's decision and the facts do not warrant the issuance of a writ of mandamus.

## II. Conclusion

For the foregoing reasons, the motion to dismiss (doc. # 19) is granted and the case is dismissed without prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of July 2017.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge

---

[1] Rice-McKenzie argues that receipt date of July 7, 2014, is made even more plausible because of the July 4th holiday, which was followed by a weekend. However, it is equally plausible that the letter was received on Wednesday, July 2, 2014, but was not opened and/or read until Monday, July 7, 2014. Regardless, the factual dispute is not before me.